UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN E. COMBS,<br><br>        Plaintiff,<br><br>        v.<br><br>PROGRESSIVE d/b/a PROGRESSIVE NORTHWESTERN INSURANCE COMPANY,<br><br>        Defendant. | Case No. C08-5632FDB<br><br>ORDER OF REMAND |

The Court ordered the parties to show cause why this matter should not be remanded to Pierce County Superior Court, as it appeared that this case had been untimely removed (cause of action removed October 17, 2008, more than 30 days from September 8, 2008, the date Defendant received the Complaint).

PARTIES' RESPONSES TO SHOW CAUSE ORDER

Defendant Progressive responded to the show cause order that the initial pleading, the Complaint that Defendant received on September 8, 2008, did not show that this cause of action was removable because while there was diversity of citizenship, the amount in controversy was not apparent.

ORDER - 1

Plaintiff Combs responded to the show cause order that as early as July 24, 2008, his counsel provided to Progressive Plaintiff's demand letter to Metropolitan Insurance Company, which stated general and special damages between $1,130,000 and $1,180,000 and offered to settle with Metropolitan for $250,000. Plaintiff's counsel indicated that Metropolitan did not accept Plaintiff's settlement demand. Plaintiff's counsel further stated in the letter that given the nature and extent of Plaintiff's injuries, he was concerned that the Metropolitan policy of $250,000 was insufficient and that Plaintiff would be required to apply for coverage under his own UM policy with Progressive.

Arbitration of the matter ensued, and Progressive admits to learning that the arbitrator determined that Combs' damages totaled $406,000. Subtracting Metropolitan's $250,000 policy limits left a balance of $161,000. Progressive argues, however, that this information came by telephone and not in the form of a pleading, motion, or other paper as set forth in the removal provision (28 U.S.C. § 1446(b) .

Plaintiff's complaint against Progressive alleged that a 1986 Chevrolet pick-up truck "violently collided into the driver's side" of his 1998 Ford Expedition SUV as he was driving through an intersection with a green light. Plaintiff further alleged that he was "severely injured" and the Complaint also stated:

> It is impossible at this time to know the full nature, extent, severity and duration of said injuries, but they are alleged to be permanent, progressive, and disabling in nature; the Plaintiff has incurred and will likely continue to incur medical expenses and other expenses to be proved at the time of trial; further, Plaintiff has also suffered lost earnings, a reduction of earning capacity, and impairment of his ability to enjoy life.

(Complaint ¶ 2.4)

The removal provision (28 U.S.C. § 1446(b)) provides that if the initial pleading is not removable, the cause of action may be removed within 30 days of service of an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable. Where a complaint is silent or unclear as to the amount of damages sought by the

ORDER - 2

plaintiff, the Defendant must allege and "bears the burden of actually proving" that the amount in controversy exceeds $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). A plaintiff may demonstrate that it is "facially apparent" from the complaint that the claims likely exceed $75,000. (*see, e.g. Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(Plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after the hospitalization.)).

In Comb's case, Progressive removed asserting that the amount in controversy, exclusive of interest, exceeds $75,000, and considering the injuries alleged, it is reasonable to accept Progressive's statement as true given that Combs alleges his injuries to be "permanent, progressive, and disabling" and that he "has also suffered lost earnings, a reduction of earning capacity, and impairment of his ability to enjoy life" as a result of the collision. Defendant did not timely remove this case and it must be remanded to Pierce County Superior Court.

NOW, THEREFORE, IT IS ORDERED: The Court, having considered the parties' submissions in response to the Court's Order To Show Cause [Dkt. # 4], concludes that this matter was untimely removed and this case is hereby REMANDED to Pierce County Superior Court.

DATED this 3rd day of November, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3